# EXHIBIT A

PS 10/6/23 @ 11:00am HRK

OCT 0 6 2023

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

US BANK NATIONAL ASSOCIATION; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KALIEN FRAZIER, on behalf of himself and others similarly situated,

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>09/11/2023<br>Chad Finke , Executive Officer / Clerk of the Court<br>By: _____ D. Drew _____ Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | Alameda Superior Court<br>Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>23CV042876 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483); Elizabeth 
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211   T: (310) 432-0000   F: (310) 432-0001

Chad Finke, Executive Officer / Clerk of the Court

DATE: 09/06/2023                                                    Clerk, by _____D. Drew_____, Deputy
*(Fecha)*                                                                      *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  US Bank National Association

under: ☐ CCP 416.10 (corporation)                    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)            ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)

       ☒ other *(specify):* Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Elizabeth L. Harrier, Esq. (SBN 319550)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
         vgranberry@lelawfirm.com
         eharrier@lelawfirm.com
         WHT3@lelawfirm.com

Attorneys for Plaintiff KALIEN FRAZIER,
on behalf of himself and others similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/06/2023 at 11:39:45 AM**
By: Darrell Drew,
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| KALIEN FRAZIER, on behalf of himself and others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION; and DOES 1 to 100, inclusive,<br><br>　　　　　　Defendants. | Case No.: 23CV042876<br><br>**CLASS ACTION**<br><br>**PLAINTIFF KALIEN FRAZIER'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>2. **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED AND FAILURE TO INCLUDE ADDITIONAL REMUNERATION WHEN CALCULATING OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**<br><br>3. **FAILURE TO PAY MEAL PERIOD PREMIUM WAGES AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7** |

4. **FAILURE TO PAY REST PERIOD PREMIUM WAGES AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTION 226.7**

5. **FAILURE TO PAY WAGES FOR ACCRUED PAID SICK DAYS AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTION 246**

6. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

7. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

8. **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff KALIEN FRAZIER ("Plaintiff"), who alleges and complains against Defendants US BANK NATIONAL ASSOCIATION; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

I.   **INTRODUCTION**

1.   This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage; failure to pay wages for all overtime hours worked at the overtime rate of pay and/or  failure to include additional renumeration when calculating and paying overtime wages; failure to authorize or permit all legally required and/or compliant meal periods  or pay meal period premium wages; failure to authorize or permit all

**COMPLAINT**<br>2

1   legally required and/or compliant rest periods or pay rest period premium wages; failure to pay

2   wages for accrued paid sick time at the regular rate of pay; statutory penalties for failure to

3   provide accurate wage statements; statutory waiting time penalties in the form of continuation

4   wages for failure to timely pay employees all wages due upon separation of employment;

5   injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code

6   sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others

7   similarly situated.

8   **II.      JURIDISCTION AND VENUE**

9           2.      This Court has jurisdiction over Plaintiff's and putative class members' claims for

10  failure to pay wages for all hours worked at minimum wage; failure to pay wages for all overtime

11  hours worked at the overtime rate of pay and/or  failure to include additional renumeration when

12  calculating and paying overtime wages; failure to authorize or permit all legally required and/or

13  compliant meal periods  or pay meal period premium wages; failure to authorize or permit all

14  legally required and/or compliant rest periods or pay rest period premium wages; failure to pay

15  wages for accrued paid sick time at the regular rate of pay; statutory penalties for failure to

16  provide accurate wage statements; statutory waiting time penalties in the form of continuation

17  wages for failure to timely pay employees all wages due upon separation of employment; and

18  claims for injunctive relief and restitution under California Business and Professions Code

19  sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California;

20  Defendants employed Plaintiff and putative class members in locations throughout California,

21  including but not limited to Alameda County, at 828 31st  Street #7 Oakland, California 94608;

22  more than two-thirds of putative class members are California citizens; the principal violations of

23  California law occurred in California; no other class actions have been filed against Defendants in

24  the last four (4) years alleging wage and hour violations; the conduct of Defendants forms a

25  significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class

26  members seek significant relief from Defendants.

27  ///

28  ///

**COMPLAINT**
3

III. **PARTIES**

3. Plaintiff brings this action on behalf of himself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4. Defendants employed Plaintiff as an hourly non-exempt employee from in or around October 9, 2021, until on or about March 30, 2023.

5. Plaintiff is informed and believes and thereon alleges that Defendants employed him and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6. Plaintiff is informed and believes and thereon alleges that Defendant US BANK NATIONAL ASSOCIATION is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-50 are, and at all times relevant hereto were persons acting on behalf of Defendant US BANK NATIONAL ASSOCIATION in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant US BANK NATIONAL ASSOCIATION operates in Alameda County and employed Plaintiff and putative class members in Alameda County, including but not limited to, at 828 31st Street #7 Oakland, California 94608

7. Plaintiff is informed and believes and thereon alleges that Defendant DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendant is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

///

///

**COMPLAINT**
4

8. Plaintiff is unaware of the true names of Defendant DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

9. Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendant" means "Defendants and each of them," and refers to the Defendant named in the particular cause of action in which the word appears and includes Defendants US BANK NATIONAL ASSOCIATION and DOES 1 to 100, inclusive.

10. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

11. Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

///

///

**COMPLAINT**
5

## IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES

12.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, section 11040, Defendants are employers of Plaintiff within the meaning of Wage Order 4 and applicable Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

13.    **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

14.    Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

15.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Failure to pay Plaintiff and similarly situated remote employees time spent setting their workstations

(b) Requiring Plaintiff and similarly situated remote employees daily to:

1. Power on or wake up work provided computer;

2. Allow computer to boot up;

3. Once the computer was booted, launch "Bitlocker" application and wait for it to load;

4. Once the "Bitlocker" program is loaded, log into it using username and password;

5. After successfully logging into the "Bitlocker" program, launch Microsoft Windows and wait for the program to load;

6. Once Microsoft Windows is loaded, log into the program using username and password;

7. After successfully logging into Microsoft Windows, launch the "Pulse Secure VPN" application and wait for it to load;

8. Once the "Pulse Secure VPN" application is loaded, log into the application using a username and password;

9. Once the username and password have been entered into the "Pulse Secure VPN" application, retrieve 2-factor authentic code from "In Trust" application required on a personal cell phone;

10. Once the 2-factor authentic code is received, the code is used in conjunction with the log in credentials to access and load the VPN;

11. Once the VPN is loaded, launch a web browser application and navigate to the "Bee" website;

12. Once on the "Bee" website, enter a username and password;

13. After completing the above steps, Plaintiff and similarly situated remote employees are finally able to clock in for the start of shift.

16.     Plaintiff and similarly situated employees were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

17.     Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 4.

18.     **Failure to pay wages for overtime hours worked at the overtime rate of pay**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked,"

which includes all time that an employee is under the control of the employer and all time the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

19. Labor Code sections 510 and 1194 and Wage Order 4 require an employer to compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work in a workweek:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code section 510; Wage Order 4, §3.

20. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to,

   (a) Failure to pay Plaintiff and similarly situated remote employees time spent setting their workstations

   (b) Requiring Plaintiff and similarly situated remote employees daily to:

      1. Power on or wake up work provided computer;

      2. Allow computer to boot up;

      3. Once the computer was booted, launch "Bitlocker" application and wait for it to load;

      4. Once the "Bitlocker" program is loaded, log into it using username and password;

      5. After successfully logging into the "Bitlocker" program, launch Microsoft Windows and wait for the program to load;

      6. Once Microsoft Windows is loaded, log into the program using username

and password;

7. After successfully logging into Microsoft Windows, launch the "Pulse Secure VPN" application and wait for it to load;

8. Once the "Pulse Secure VPN" application is loaded, log into the application using a username and password;

9. Once the username and password have been entered into the "Pulse Secure VPN" application, retrieve 2-factor authentic code from "In Trust" application required on a personal cell phone;

10. Once the 2-factor authentic code is received, the code is used in conjunction with the log in credentials to access and load the VPN;

11. Once the VPN is loaded, launch a web browser application and navigate to the "Bee" website;

12. Once on the "Bee" website, enter a username and password;

13. After completing the above steps, Plaintiff and similarly situated remote employees are finally able to clock in for the start of shift.

21.     Plaintiff and similarly situated employees were not paid for this time.

22.     To the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 4.

23.     Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

24.     In this case, Plaintiff alleges that when he and similarly situated employees earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay.

Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as quarterly bonuses, for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying overtime.

25.     Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

26.     **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

27.     California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 4, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 4, §11.

28.     Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour

period of work as required by law.

29.     Additionally, Defendants failed to pay Plaintiff and similarly situated employees  a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

30.     Finally, on occasions when Defendants paid Plaintiff and similarly situated employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as quarterly bonuses, for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying meal period premium wages.

31.     The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

32.     **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

33.     California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code section 226.7; Wage Order 4, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three

and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7; Wage Order 4, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 4, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

34.     In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees.

35.     Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods. Defendants employed policies and procedures which ensured that employees did not receive any rest period premium wages to compensate them for workdays in which they did not receive all legally required and compliant rest periods.

36.     Finally, on occasions when Defendants did pay Plaintiff and similarly situated employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as quarterly bonuses, for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying rest period premiums.

37.     The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such

1    instances, all in violation of California law.

2        38.    **Failure to pay wages for accrued paid sick days at the regular rate of pay:**

3    Defendants had a policy and/or procedure where Plaintiff and similarly situated employees

4    accrued paid sick time.

5        39.    Labor Code section 246, subdivision (a), states in relevant part "[a]n employee

6    who…works in California for the same employer for 30 or more days within a year from the

7    commencement of employment is entitled to paid sick days." Additionally, an employee accrues

8    paid sick days at the rate of no-less-than one (1) hour per every thirty (30) hours worked,

9    beginning at the commencement of employment. Labor Code section 246(b).

10       40.    Here, Plaintiff and similarly situated employees were employed by Defendants for

11   30 or more days and were entitled to paid sick days. Also, Plaintiff and similarly situated

12   employees began accruing paid sick days since the beginning of each of their respective

13   employment with Defendants.

14       41.    Labor Code section 246, subdivision (l), provides that an employer shall calculate

15   the paid sick time for non-exempt employees in the same manner as the regular rate of pay for the

16   workweek in which the employee elected to use paid sick time. "The regular rate at which an

17   employee is employed shall be deemed to include all remuneration for employment paid to, or on

18   behalf, of the employee." See Division of Labor Standards Enforcement – Enforcement Policies

19   and Interpretations Manual, Section 49.1.2.

20       42.    In this case, Plaintiff alleges that when he and similarly situated employees elected

21   to use paid sick time, Defendants failed to pay them sick time wages at the proper sick time rate of

22   pay due to Defendants' failure to include all remuneration when calculating the sick time rate of

23   pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include

24   all remuneration such as, for example,  quarterly bonuses when calculating Plaintiff's and

25   similarly situated employees' regular rate of pay for the purpose of calculating and paying sick

26   time.

27   ///

28   ///

43.   **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

44.   As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages at the proper overtime rate of pay for overtime hours worked, meal period premium wages and/or meal period premium wages at the proper rate, and/or rest period premium wages and/or rest period premium wages at the proper rate, sick pay wages paid at the proper rate), in violation of Labor Code section 226.

45.   **Failure to timely pay final wages**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

46.   As a result of the aforementioned violations of the Labor Code, Plaintiff alleges that he, and on information and belief, other similarly situated employees, were not paid their final wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours worked, overtime wages at the proper overtime rate of pay for overtime hours worked, meal period premium wages and/or meal period premium wages at the proper rate of pay, and/or rest

1  period premium wages and/or rest period premium wages at the proper rate of pay, and sick pay

2  wages paid at the proper rate  (all described above), were not paid at the time of Plaintiff's and

3  other similarly situated employees' separation of employment, whether voluntarily or

4  involuntarily, as required by Labor Code sections 201, 202, and 203.

5  **V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS**

6      47.    Plaintiff brings this action on behalf of himself, on behalf of others similarly

7  situated, and on behalf of the general public, and as members of a Class defined as follows:

8          A.    **Minimum Wage Class**: All current and former hourly non-exempt

9  employees employed by Defendants as direct employees as well as temporary employees

10  employed through temp agencies in California at any time from four (4) years prior to the filing of

11  the initial Complaint in this matter through the date notice is mailed to a certified class who were

12  not paid at least minimum wage for all time they were subject to Defendants' control.

13          B.    **Overtime Class:** All current and former hourly non-exempt employees

14  employed by Defendants as direct employees as well as temporary employees employed through

15  temp agencies in California at any time from four (4) years prior to the filing of the initial

16  Complaint in this matter through the date notice is mailed to a certified class who worked more

17  than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a

18  workweek, to whom Defendants did not pay overtime wages.

19          C.    **Regular Rate Class:** All current and former hourly non-exempt employees

20  employed by Defendants as direct employees as well as temporary employees employed through

21  temp agencies in California at any time from four (4) years prior to the filing of the initial

22  Complaint in this matter through the date notice is mailed to a certified class who worked more

23  than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7)

24  days in a workweek, who received additional remuneration during pay periods in which they were

25  paid overtime wages, and whose compensation did not include such additional remuneration when

26  Defendants calculated those employees' overtimes wages.

27  ///

28  ///

1            **D.**      **Meal Period Premium Wages Class**: All current and former hourly non-

2 exempt employees employed by Defendants as direct employees as well as temporary employees

3 employed through temp agencies in California at any time from four (4) years prior to the filing of

4 the initial Complaint in this matter through the date notice is mailed to a certified class who

5 received additional remuneration during pay periods in which they were paid meal period

6 premium wages and whose regular rate of pay did not include such additional remuneration when

7 Defendants calculated those employees' meal period premium wages.

8            **E.**      **Rest Period Premium Wages Class**: All current and former hourly non-

9 exempt employees employed by Defendants as direct employees as well as temporary employees

10 employed through temp agencies in California at any time from four (4) years prior to the filing of

11 the initial Complaint in this matter through the date notice is mailed to a certified class who

12 received additional remuneration during pay periods in which they were paid rest period premium

13 wages and whose regular rate of pay did not include such additional remuneration when

14 Defendants calculated those employees' rest period premium wages.

15            **F.**      **Sick Time Pay Class:** All current and former hourly non-exempt

16 employees employed by Defendants in California at any time from four (4) years prior to the filing

17 of the initial Complaint in this matter through the date notice is mailed to a certified class who

18 received additional remuneration during pay periods in which they accrued sick pay and whose

19 regular rate of pay did not include such additional remuneration when Defendants calculated those

20 employees' sick pay wages.

21            **G.**      **Wage Statement Class**: All current and former hourly non-exempt

22 employees employed by Defendants as direct employees as well as temporary employees

23 employed through temp agencies in California at any time from one (1) year prior to the filing of

24 the initial Complaint in this action through the date notice is mailed to a certified class who

25 received inaccurate or incomplete wage and hour statements.

26            **H.**      **Waiting Time Class**: All current and former hourly non-exempt employees

27 employed by Defendants as direct employees as well as temporary employees employed through

28 temp agencies in California at any time from three (3) years prior to the filing of the initial

1    Complaint in this action through the date notice is mailed to a certified class who did not receive

2    payment of all unpaid wages upon separation of employment within the statutory time period.

3         I.    **California Class**: All aforementioned classes are herein collectively

4    referred to as the "California Class."

5         48.    There is a well-defined community of interest in the litigation and the classes are

6    ascertainable:

7         A.    **Numerosity**: While the exact number of class members in each class is

8    unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder

9    of all members is impractical under the circumstances of this case.

10        B.    **Common Questions Predominate**: Common questions of law and fact

11   exist as to all members of the Plaintiff classes and predominate over any questions that affect only

12   individual members of each class. The common questions of law and fact include, but are not

13   limited to:

14        i.    Whether Defendants violated Labor Code sections 1194 and 1197 by

15   not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members

16   were subject to Defendants' control;

17        ii.    Whether Defendants violated Labor Code sections 510 and 1194 by

18   not paying the Overtime Class Members at the applicable overtime rate for working in excess of

19   eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in

20   a workweek;

21        iii.    Whether Defendants violated Labor Code sections 510 and 1194 by

22   not paying the Regular Rate Class Members at the applicable overtime rate for working in excess

23   of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days

24   in a workweek;

25        iv.    Whether Defendants violated Labor Code sections 512 and 226.7, as

26   well as the applicable Wage Order, by employing the Meal Period Class Members without

27   providing all compliant and/or required meal periods and/or paying meal period premium wages;

28        v.    Whether Defendants violated Labor Code sections 512 and 226.7, as

well as the applicable Wage Order, by employing the Meal Period Premium Wages Class Members without paying meal period premium wages at the proper rate;

vi.     Whether Defendants violated Labor Code section 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest periods and/or paying rest period premium wages;

vii.    Whether Defendants violated Labor Code section 226.7, as well as the applicable Wage Order, by employing the Rest Period Premium Wages Class Members without paying rest period premium wages at the proper rate;

viii.   Whether Defendants violated Labor Code section 246 by employing the Sick Time Pay Class Members without paying sick pay wages at the proper rate;

ix.     Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

x.      Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

xi.     Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

xii.    Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

xiii.   Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

xiv.    Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to Class Members as a whole.

C.      **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and members of the Regular Rate Class sustained damages arising out of

Defendants' failure to pay overtime wages at the proper rate for overtime hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Meal Period Premium Wages Class sustained damages arising out of Defendants' failure to pay meal period premium wages at the proper rate. Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required rest periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as compensation. Plaintiff and members of the Rest Period Premium Wages Class sustained damages arising out of Defendants' failure to pay rest period premium wages at the proper rate. Plaintiff and members of the Sick Pay Class sustained damages arising out of Defendants' failure to pay accrued paid sick time at the regular rate of pay. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the

1    court system of adjudication of individualized litigation would be substantial, and substantially

2    more than the costs and burdens of a class action. Individualized litigation would also present the

3    potential for inconsistent or contradictory judgments.

4            F.    **Public Policy Consideration**: Employers throughout the state violate wage

5    and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

6    indirect retaliation. Former employees fear bringing actions because they perceive their former

7    employers can blacklist them in their future endeavors with negative references or by other means.

8    Class actions provide the class members who are not named in the Complaint with a type of

9    anonymity that allows for vindication of their rights.

10    **FIRST CAUSE OF ACTION**

11    **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

12    **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

13    **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

14        49.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

15        50.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class

16    were hourly non-exempt employees of Defendants.

17        51.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the

18    Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were

19    subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in

20    effect during the time the employees earned the wages.

21        52.    Defendants' policies, practices, and/or procedures required Plaintiff and the

22    Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for

23    all of the time in which they were subject to Defendants' control.

24        53.    Defendants employed policies, practices, and/or procedures including, but not

25    limited to,

26        (a) Failure to pay Plaintiff and the Minimum Wage Class time spent setting their

27            workstations

28        (b) Requiring Plaintiff and the Minimum Wage Class daily to:

1. Power on or wake up work provided computer;

2. Allow computer to boot up;

3. Once the computer was booted, launch "Bitlocker" application and wait for it to load;

4. Once the "Bitlocker" program is loaded, log into it using username and password;

5. After successfully logging into the "Bitlocker" program, launch Microsoft Windows and wait for the program to load;

6. Once Microsoft Windows is loaded, log into the program using username and password;

7. After successfully logging into Microsoft Windows, launch the "Pulse Secure VPN" application and wait for it to load;

8. Once the "Pulse Secure VPN" application is loaded, log into the application using a username and password;

9. Once the username and password have been entered into the "Pulse Secure VPN" application, retrieve 2-factor authentic code from "In Trust" application required on a personal cell phone;

10. Once the 2-factor authentic code is received, the code is used in conjunction with the log in credentials to access and load the VPN;

11. Once the VPN is loaded, launch a web browser application and navigate to the "Bee" website;

12. Once on the "Bee" website, enter a username and password;

13. After completing the above steps, Plaintiff and similarly situated employees are finally able to clock in for the start of shift.

54.   Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

///

55.     As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

56.     Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**FAILURE TO PAY OVERTIME WAGES AND FAILURE TO INCLUDE ADDITIONAL REMUNERATION WHEN CALCULATING OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTIONS 510, 1194 AND 1198**

**(Against All Defendants by Plaintiff, the Overtime Class, and the Regular Rate Class)**

57.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

58.     At times relevant to this Complaint, Plaintiff, the Overtime Class, and the Regular Rate Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the Wage Order 4.

59.     Pursuant to Labor Code sections 510 and 1194 and the Wage Order 4, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a workweek.

60.     Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

61.     Further, Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

62.     Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

63.     Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to,

    (a) Failure to pay Plaintiff and the Overtime Class time spent setting their workstations

    (b) Requiring Plaintiff and the Overtime Class daily to:

        1.  Power on or wake up work provided computer;

        2.  Allow computer to boot up;

        3.  Once the computer was booted, launch "Bitlocker" application and wait for it to load;

        4.  Once the "Bitlocker" program is loaded, log into it using username and password;

        5.  After successfully logging into the "Bitlocker" program, launch Microsoft Windows and wait for the program to load;

        6.  Once Microsoft Windows is loaded, log into the program using username and password;

        7.  After successfully logging into Microsoft Windows, launch the "Pulse Secure VPN" application and wait for it to load;

        8.  Once the "Pulse Secure VPN" application is loaded, log into the application using a username and password;

        9.  Once the username and password have been entered into the "Pulse Secure VPN" application, retrieve 2-factor authentic code from "In Trust" application required on a personal cell phone;

        10. Once the 2-factor authentic code is received, the code is used in conjunction

with the log in credentials to access and load the VPN;

    11. Once the VPN is loaded, launch a web browser application and navigate to the "Bee" website;

    12. Once on the "Bee" website, enter a username and password;

    13. After completing the above steps, Plaintiff and the Overtime Class are finally able to clock in for the start of shift.

64.    To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

65.    Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

66.    In this case, when Plaintiff and Regular Rate Class Members earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as quarterly bonuses, for example, when calculating Plaintiff's and Regular Rate Class Members' regular rate of pay for the purpose of paying overtime.

67.    As a result of Defendants' unlawful conduct, Plaintiff, the Overtime Class, and the Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

68.    Pursuant to Labor Code section 1194, Plaintiff, the Overtime Class, and the Regular Rate Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**FAILURE TO PAY MEAL PERIOD PREMIUM WAGES AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**(Against All Defendants by Plaintiff and the Meal Period Premium Wages Class)**

69. Plaintiff incorporates all paragraphs above as though fully set forth herein.

70. At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

71. California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 4, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

72. In this case, Plaintiff and the Meal Period Premium Wages Class worked shifts long enough to entitle them to meal periods under California law. On the occasions when Defendants paid Plaintiff and the Meal Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as quarterly bonuses for example, when calculating Plaintiff's the Meal Period Premium Wages Class' regular rate of pay for the purpose of

paying meal period premiums.

73.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Meal Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

74.     Because Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class' regular rate of compensation, Defendants are liable to Plaintiff and the Meal Period Premium Wages Class.

75.     Plaintiff, on behalf of himself and the Meal Period Premium Wages Class seeks damages and all other relief allowable, including pre-judgment interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY REST PERIOD PREMIUM WAGES AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTION 226.7

### (Against All Defendants by Plaintiff and the Rest Period Premium Wages Class)

76.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

77.     At all times relevant to this Complaint, Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class were employees of Defendants, covered by Labor Code section 226.7 and Wage Order 4.

78.     California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...." Wage Order 4, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend

their time. *Id*. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." Wage Order 4, §12; Labor Code section 226.7.

79.    In this case, Plaintiff and the Rest Period Premium Wages Class regularly worked shifts of more than three-and-a-half (3.5) hours. On the occasions when Defendants did pay Plaintiff and the Rest Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Rest Period Premium Wages Class' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as quarterly bonuses, for example, when calculating Plaintiff's and the Rest Period Premium Wages Class' regular rate of pay for the purpose of paying rest period premiums.

80.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Rest Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

81.    Because Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Rest Period Premium Wages Class' regular rate of compensation, Defendants are liable to Plaintiff and the Rest Period Premium Wages Class.

82.    Plaintiff, on behalf of himself and the Rest Period Premium Wages Class seeks damages and all other relief allowable, including pre-judgment interest.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR ACCRUED PAID SICK DAYS AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTION 246

### (Against All Defendants by Plaintiff and the Sick Pay Class)

1.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

2.    At all times relevant to this Complaint, Plaintiff and the Sick Pay Class were employees of Defendants, covered by Labor Code section 246 and Wage Order 9.

3.    Labor Code section 246, subdivision (a), states in relevant part "[a]n employee who...works in California for the same employer for 30 or more days within a year from the

commencement of employment is entitled to paid sick days." Additionally, an employee accrues paid sick days at the rate of no-less-than one (1) hour per every thirty (30) hours worked, beginning at the commencement of employment. Labor Code section 246(b).

4.     Here, Plaintiff and the Sick Pay Class were employed by Defendants for 30 or more days and were entitled to paid sick days. Also, Plaintiff and the Sick Pay Class began accruing paid sick days since the beginning of each of their respective employment with Defendants.

5.     Labor Code section 246, subdivision (l), provides that an employer shall calculate the paid sick time for non-exempt employees in the same manner as the regular rate of pay for the workweek in which the employee elected to use paid sick time. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." See Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

6.     In this case, Plaintiff alleges that when he and the Sick Pay Class elected to use paid sick time, Defendants failed to pay them sick time wages at the proper sick time rate of pay due to Defendants' failure to include all remuneration when calculating the sick time rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as "quarterly bonuses", for example, when calculating Plaintiff's and the Sick Pay Class's regular rate of pay for the purpose of calculating and paying sick time.

7.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Sick Pay Class, and such conduct has continued through the filing of this Complaint.

8.     Because Defendants failed to provide employees with wages for sick time in compliance with the law, Defendants are liable to Plaintiff and the Sick Pay Class for payment at the regular rate of compensation for each sick time period that Defendants did not provide sick pay, pursuant to Labor Code section 246.

9.     Plaintiff, on behalf of herself, and the Sick Pay Class, seek damages and all other relief allowable for each sick time period taken where Defendants failed to pay wages for, plus pre-judgment interest.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226

**(Against All Defendants by Plaintiff and the Wage Statement Class)**

10. Plaintiff incorporates all paragraphs above as though fully set forth herein.

11. At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

12. Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

13. As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages at the proper overtime rate of pay for overtime hours worked, meal period premium wages and/or meal period premium wages at the proper rate, and/or rest period premium wages and/or rest period premium wages at the proper rate, sick pay wages paid at the proper rate), in violation of Labor Code section 226.

14. Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

15.     Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

16.     As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

17.     Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

18.     Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants'

1    compliance with Labor Code section 226(a).

2         19.    Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage

3    Statement Class are entitled to recover the full amount of penalties due under section 226(e),

4    reasonable attorneys' fees, and costs of suit.

5                                    **FIFTH CAUSE OF ACTION**

6    **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

7              **IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

8              **(Against All Defendants by Plaintiff and the Waiting Time Class)**

9         20.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

10        21.    At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were

11   employees of Defendants, covered by Labor Code sections 201 and 202.

12        22.    An employer is required to pay all unpaid wages timely after an employee's

13   employment ends. The wages are due immediately upon termination or within seventy-two (72)

14   hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours

15   previous notice, they were entitled to payment of all wages earned and unpaid at the time of

16   resignation. *Id.*

17        23.    Defendants failed to pay Plaintiff and on information and belief, the Waiting Time

18   Class, with all wages earned and unpaid prior to separation of employment, in accordance with

19   either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at

20   all relevant times within the limitations period applicable to this cause of action, Defendants

21   maintained a policy or practice of not paying hourly employees all earned wages timely upon

22   separation of employment.

23        24.    Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages

24   earned prior to separation of employment timely in accordance with Labor Code sections 201 and

25   202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to

26   separation of employment in accordance with Labor Code sections 201 and 202, but intentionally

27   adopted policies or practices incompatible with the requirements of Labor Code sections 201 and

28   202. Defendants' practices include failing to pay at least minimum wage for all time worked,

                                         **COMPLAINT**
                                             31

overtime wages at the proper rate for all overtime hours worked, meal period premium wages and/or meal period premium wages at the proper rate of pay, and/or rest period premium wages and/or rest period premium wages at the proper rate of pay, and sick pay wages paid at the proper rate. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

25.     Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

26.     Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

27.     As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

28.     As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code section 203.

29.     Plaintiff and the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code section 203, and interest thereon.

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.

**(Against All Defendants by Plaintiff and the California Class)**

30.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

31.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay wages

for all hours worked at minimum wage; failure to pay wages for all overtime hours worked at the overtime rate of pay and/or failure to include additional renumeration when calculating and paying overtime wages; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; failure to pay wages for accrued paid sick time at the regular rate of pay; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay minimum wages for all hours worked; pay overtime wages at the proper rate of pay for all overtime hours worked; authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; pay wages for accrued paid sick time at the regular rate of pay; provide accurate wage and hour statements; and timely pay all wages due upon separation of employment.

32.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the California Class have suffered injury in fact and lost money or property, as described in more detail above.

33.    Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, AND EIGHTH CAUSES OF ACTION:**

1.  That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.  That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3.  For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4.  For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

### ON THE FIRST CAUSE OF ACTION:

1.  That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.  For damages, according to proof, including but not limited to unpaid wages;

3.  For any and all legally applicable penalties;

4.  For liquidated damages pursuant to Labor Code section 1194.2;

5.  For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6.  For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7.  For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8.  For such other further relief, in law and/or equity, as the Court deems just or

1   appropriate.

2   **ON THE SECOND CAUSE OF ACTION:**

3      1.      That Defendants be found to have violated the overtime provisions of the Labor

4   Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

5      2.      For damages, according to proof, including but not limited to unpaid wages;

6      3.      For any and all legally applicable penalties;

7      4.      For pre-judgment interest, including but not limited to that recoverable under Labor

8   Code section 1194, and post-judgment interest;

9      5.      For attorneys' fees and costs of suit, including but not limited to that recoverable

10  under Labor Code section 1194; and

11     6.      For such other further relief, in law and/or equity, as the Court deems just or

12  appropriate.

13  **ON THE THIRD CAUSE OF ACTION:**

14     1.      That Defendants be found to have violated the meal period provisions of the Labor

15  Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

16     2.      For damages, according to proof, including unpaid premium wages;

17     3.      For any and all legally applicable penalties;

18     4.      For pre-judgment interest, including but not limited to that recoverable under Labor

19  Code section 218.6, and post-judgment interest; and

20     5.      For such other further relief, in law and/or equity, as the Court deems just or

21  appropriate.

22  **ON THE FOURTH CAUSE OF ACTION:**

23     1.      That Defendants be found to have violated the rest period provisions of the Labor

24  Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

25     2.      For damages, according to proof, including unpaid premium wages;

26     3.      For any and all legally applicable penalties;

27     4.      For pre-judgment interest, including but not limited to that recoverable under Labor

28  Code section 218.6, and post-judgment interest; and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE FIFTH CAUSE OF ACTION:

1. That Defendants be found to have violated the provisions of the Labor Code regarding failure to pay wages for accrued paid sick time as to Plaintiff and the Sick Pay Class;

2.      For damages and/or penalties, according to proof, including unpaid regular rate wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SIXTH CAUSE OF ACTION:

1.      That Defendants be found to have violated the provisions of the Labor Code regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in violations of Labor Code section 226, subdivision (a);

5.      For attorneys' fees and costs of suit, including but not limited to those recoverable under Labor Code section 226, subdivision (e); and

6.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SEVENTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.    For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest; and

4.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE EIGHTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law; and

5.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: September 6, 2023

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: _____

Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Elizabeth L. Harrier, Esq.
Attorneys for Plaintiff
KALIEN FRAZIER
on behalf of himself and others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff KALIEN FRAZIER demands a trial by jury for himself and the California Class on all claims so triable.


Dated: September 6, 2023

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: _____
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Elizabeth L. Harrier, Esq.
Attorneys for Plaintiff
KALIEN FRAZIER
on behalf of himself and others similarly situated